IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Sonya Coley, Ebony Hall, Sonya Johnson<br>Mossa Jones, Ruth Richardson<br>Salika Taylor, Elizabeth Wright,<br>Thomas Pope,<br>Plaintiffs<br><br>v.<br><br>Vannguard Urban Improvement<br>Association, Inc., Thomas C. Hansard, Jr.<br>Individually and as Chairman of the Board<br>of Directors, Annunciate Hopkins Pope,<br>Individually and as Treasurer of the Board<br>of Directors, Bakbakkar Harris,<br>Individually and as Secretary of the Board<br>of Directors | Civil Action No. :<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs, Sonya Coley, Ebony Hall, Sonya Johnson, Mossa Jones, Ruth Richardson, Salika Taylor, Elizabeth Wright and Thomas Pope, by and through their counsel, Irene Donna Thomas, and for their Complaint against the above named defendant, say as follows:

This is an action to recover unpaid wages, unpaid annual leave, unpaid overtime wages, an amount in liquidated damages, attorneys' fees and costs under the Fair Labor Standards Act (FLSA) and the New York State Labor Law.

## JURISDICTION

This Court has jurisdiction under 28 U.S.C. §1331 because this action is brought under 28 U.S.C. §§201 et seq. This court also has pendent jurisdiction for an action under New York Labor Law, Article 6 (payment of wages) and Article 19 (minimum wage act).

1

Venue is proper in this District because all of the events or omissions giving rise to the claims occurred in this district.

## THE PARTIES

1. Plaintiff Sonya Coley is presently a resident of the County of Kings, State of New York.

2. Plaintiff Ebony Hall is presently a resident of the County of Kings, State of New York.

3. Plaintiff Sonya Johnson is presently a resident of the County of Kings, State of New York.

4. Plaintiff Mossa Jones is presently a resident of the County of Kings, State of New York.

5. Plaintiff Ruth Richardson is presently a resident of the County of Kings, State of New York.

6. Plaintiff Salika Taylor is presently a resident of the County of Kings, State of New York.

7. Plaintiff Elizabeth Wright is presently a resident of the County of Kings, State of New York.

8. Plaintiff Thomas Pope is presently a resident of the County of Kings, State of New York.

9. Defendant Vannguard Urban Improvement Association, Inc., is a not-for-profit corporation duly licensed and organized under the laws of New York State, and is engaged in the business of career vocational counseling, job skills training and preparation for economically disadvantaged teens and young adults and which receives and/or places goods into the stream of

commerce.

10. Defendant Thomas C. Hansard, Jr. is Chairman of the Board of Directors, of Vannguard Urban Improvement Association, Inc. and is being sued in his official and individual capacity.

11. Defendant Annunciate Hopkins Pope, Individually and as Treasurer of the Board of Directors.

12. Bakbakkar Harris, Individually and as Secretary of the Board of Directors.

## FACTUAL ALLEGATIONS

13. Defendant(s) have employed plaintiff Sonya Coley as Director of Youth Development since September 1989 and on a salary basis of $1,000.00 weekly.

14. Defendant has employed plaintiff Ebony Hall as a Counselor Specialist since September 2001 and on a salary basis of $500.00 weekly.

15. Defendant has employed plaintiff Sonya Johnson as Director of Summer Youth Employment and Assistant Director, Youth Division since May 1988 and on a salary basis of $769.23 weekly.

16. Defendant has employed plaintiff Mossa Jones as Case Manager since September 1990 and on a salary basis of $500.00 weekly.

17. Defendant has employed plaintiff Ruth Richardson as Executive Secretary/Office Manager since September 1992 and on a salary basis of $500.00 weekly.

18. Defendant has employed plaintiff Salika Taylor as Project Coordinator since August 1994 and on a salary basis of $467.50 weekly.

19. Defendant employed plaintiff Elizabeth Wright as Community Consultant between

April 1994 and April 2012 on a salary basis of $500.00 weekly.

20. Defendant employed plaintiff Thomas Pope as Job Developer between November 1998 and September 2012, on a salary basis of $539.96 weekly.

21. Through said employment, plaintiffs were and are engaged in services and duties that are unrelated to setting of management policies but are, instead, related to production work because the job required it and because the defendants' upper echelon management demanded it.

22. During the workweek beginning on or about August 2003, through the date of the filing of this Complaint, plaintiffs worked on average about 45 to 50 hours per week without payment for overtime work.

23. The requirement imposed on the plaintiffs to work a significant amount of overtime hours, for which they were not paid or otherwise compensated, was a company-wide policy.

24. Beginning on or about August 2003, through the date of the filing of this complaint, defendants decreased compensation levels to plaintiffs failing to reinstate their salaries to their original levels.

25. Defendant(s) delayed multiple payroll distributions documented as August 4, 2010, November 12, 2010, January 31, 2011, March 28, 2011, April 26, 2011, June 21, 2011, July 7, 2011, August 5, 2011, October 11, 2011, January 13, 2012, February 2, 2012, February 15, 2012, and February 23, 2012.

26. On or about May 2012 and including June, July and August, defendant(s) failed to compensate plaintiffs for seven (7) consecutive weeks, so failed and refused to compensate plaintiffs at the minimum hourly wage to which they are entitled by reason of the FLSA and the New York Labor Law.

27. On November 8, 2012, the defendants, without notice, failed and refused to pay plaintiffs Sonya Coley, Ebony Hall, Sonya Johnson, Mossa Jones, Ruth Richardson and Salika Taylor wages earned and due.

28. The defendant(s) have violated 29 U.S.C. §§ 201 et seq. and the New York State Labor Law, Articles 6 and 19, by failing to pay the plaintiffs their earned wages and overtime pay for all hours worked in excess of 40 hours each week.

29. The defendants' repeated refusal and failure to pay wages, vacation pay and overtime was and is willful within the meaning of 29 U.S.C. § 255(a) and the New York Labor Law.

30. The plaintiffs seek money judgment for all unpaid wages, unpaid annual leave, unpaid overtime and liquidated damages, under 29 U.S.C. §§ 201 et seq. and the New York Labor Law, Articles 6 and 19, for themselves and other similarly situated employees in an amount to be determined by the trier of fact and/or the Court together with all damages, attorney's fees and costs, as allowed by the FLSA and the New York State Labor Law.

30. The plaintiffs demand a trial by jury.

**WHEREFORE,** the plaintiffs seek:

(1) A money judgment against the defendants in an amount found appropriate by the trier of fact, including but not limited to unpaid wages, unpaid annual leave, overtime pay and liquidated damages, as allowed by the FLSA and the New York State Labor Law,

(2) Attorneys fees and costs, and

(3) Any further and other relief the Court deems appropriate.

Dated:  Brooklyn, New York

  November 8, 2012

_____
Irene Donna Thomas (IT8759)
THOMAS & ASSOCIATES
977 St. John's Place
Brooklyn, New York 11213
(718) 493-9287

I consent to the filing of this action on my behalf:

_____
Sonya Coley

_____
Ebony Hall

_____
Sonya Johnson

_____
Mossa Jones

_____
Ruth Richardson

_____
Salika Taylor

_____
Elizabeth Wright

_____
Thomas Pope

C:\Users\IRENE\Documents\My Files New\coley\Pleadings\complaint.wpd

6