IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Sonya Coley, et al. § | |
| Plaintiffs. § | |
| § | |
| § | |
| v. § | Civil Action No. 12-cv-5565 |
| § | (Chen, J)(Reyes, M.J.) |
| § | |
| § | |
| Vannguard Urban Improvement Ass'n, § | |
| Inc., et al. § | |
| Defendants. | |

**AFFIDAVIT OF SONYA COLEY
IN SUPPORT OF MOTION FOR DEFAULT**

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF KINGS      )

I, **Sonya Coley**, being duly sworn and under penalty of perjury, depose and state as follows:

1. I am over the age of 21 and I am competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. I reside at ███████████████, Brooklyn, New York.

3. I was hired by defendant Vannguard Urban Improvement Association, Inc. in September 6, 1990, which was located at 613-619 Troope Avenue, Brooklyn, New York. We moved to 1475 Fulton Street, Brooklyn, New York in March 2012.

4. I was employed with defendant Vannguard from September 6, 1990 to November 26, 2012.

5. My last job title was Director of Youth Development.

6. The Vannguard Urban Improvement Association, Inc. is a not-for-profit corporation

duly organized and licensed under the laws of the State of New York, and is engaged in the business of career vocational counseling, job skills training and preparation for economically disadvantaged teens and young adults, which receives and/or places goods into the stream of commerce by obtaining for use significant amounts of office supplies, academic material and food stuffs to accomplish its mission.

7. My work duties involved monitoring of program participants, aged six to 24 years old, and supervising after school, summer day camp, summer youth employment, high school youth and young adult internship programs, and supervising various supervising various academic tutoring programs. My principal work duties involved tutoring youth for academic improvement.

8. My role at Vannguard allowed me to see that Vannguard has employees who have worked with material that have been moved in or produced in interstate commerce, and that its annual gross volume of business was not less than $500,000 (exclusive of excise taxes at the retail level) as we are a not-for-profit agency.

9. Throughout my employment with Vannguard, my regular work hours were scheduled from Monday through Friday, from 10:00 a.m. to 6:00 p.m., with a 60 minute unpaid lunch. But, I rarely left the job at 6:00 p.m. Most times, I left the job between 7:00 p.m. and 10:00 p.m. These delays were due to my teaching college prep courses on Monday and Wednesday evening, waiting for parents to pick up their children and late returns from field trips.

10. My wages were paid by check.

11. From November 9, 2006 to November 9, 2012, I received a weekly salary of $1,000 per week.

12. Throughout my employment with Vannguard, on numerous occasions, defendant Vannguard delayed payroll distributions including but not limited to August 4, 2010, Novemer

12, 2010, January 31, 2011, March 28, 2011, April 26, 2011, June 21, 2011, July 7, 2011, August 5, 2011, October 11, 2011, January 13, 2012, February 2, 2012, February 15, 2012 and February 23, 2012. Beginning in May 2012 and including June, July and August 2012, the defendants failed to pay me for seven (7) consecutive weeks. After seven weeks, employees received payment for time worked.

13. I, and other employees, repeatedly complained to management about not being paid in a timely manner. The defendants continued to delay payment of our wages despite our complaints. I spoke to the General Manager several times regarding the delay in our paychecks. His always responded that we are waiting for vouchers to be approved.

14. On Tuesday, August 7, 2012, Vannguard employees had a meeting with the Board of Directors. We advised Board members, including but not limited to defendants Thomas C. Hansard, Jr., Chairman of the Board, Annunciate Hopkins Pope, Treasurer and Bakbakkar Harris, Secretary of the Board that we had not been paid for several weeks. Despite our complaints, the defendants did nothing to see that we received our paychecks in a timely manner.

15. On November 26, 2012, Vannguard Urban Improvement Association, Inc. locked its employees out of the building and we were unable to report for work. The company posted a notice on the door stating "Notice of Termination" and "Closed for Business."

16. By November 26, 2012, Vannguard had delayed payment for my wages **for at least 16 payroll periods in 2012**: January 13 through 30, 2012, February 2 - February 7, 2012, February 15, February 23, March 12 - March 23, March 26 - April 7, 2012, April 9 - April 20, 2012, April 23 - May 4, 2012, May 7 - May 18, 2012, May 21 - June 1, 2012, June 6 - June 15, 2012, June 18 - June 29, 2012, July 1 - July 13, 2012, July 16 - July 27, 2012, June 30 - August

9, 2012, August 13 – August 24, 2012; **for 8 payroll periods in 2011;** October 10 – October 21, 2011, January 17 – January 28, 2011, March 14 – March 24, 2011, April 11 – April 22, 2011, June 6 – June 17, 2011, June 20 – July 1, 2011, July 4 – July 15, 2011 and July 18 – July 29, 2011; **and two payroll periods in 2010;** October 25 – November 5, 2010 and July 19 – July 30, 2010.

17. In this lawsuit, I am seeking a total of $20,384.10 ($28.71 per hour x 710 unpaid annual leave hours ), exclusive of liquidated damages and interest, for unpaid annual leave time, liquidated damages (including but not limited to liquidated damages for delay in wage payments), interest and attorneys fees and costs.

I declare under penalty of perjury that the foregoing is true and correct.

SWORN TO and SUBSCRIBED before me by _____ Sonya Coley _____

this 30th day of April, 2013

_____ /s/ Irene D. Thomas _____
Irene Donna Thomas, Notary Public

Irene Donna Thomas
Notary Public
Reg.#02TH6007108
State of New York
My commission expires 9-13-15