IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Sonya Coley, et al. § <br> Plaintiffs. § <br> § <br> § <br> v. § <br> § <br> § <br> § <br> Vannguard Urban Improvement Ass'n § <br> Inc., et al   . § <br> Defendants. | Civil Action No. 12-cv-5565 <br> (Chen, J)(Reyes, M.J.) |

**AFFIDAVIT OF RUTH CHASE RICHARDSON
IN SUPPORT OF MOTION FOR DEFAULT**

STATE OF NEW YORK        )
                         ) ss:
COUNTY OF KINGS          )

I, **Ruth Chase Richardson**, being duly sworn and under penalty of perjury, depose and state as follows:

1. I am over the age of 21 and I am competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. I reside at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Brooklyn, NY ▮▮▮

3. I was hired by defendant Vannguard Urban Improvement Association, Inc. in September 6, 1989, which was located at 1475 Fulton Street, Brooklyn, New York.

4. I was employed with defendant Vannguard from September 27, 1992 until November 26, 2012.

5. My last job title was Office Manager / Secretary.

1

6. As Office Manager / Secretary, my work duties involved maintaining records and files of all activities of the Youth Council, answer telephone calls and give routine information, maintain Executive Director's appointments, receive and answer correspondence, type and perform secretarial assignments as needed and directed by the administrative staff members, prepare memorandums, notices and announcements of program offerings to students, schools, parents and the community at large, proof-read and edit reports, take notes at meetings and conferences, run the office, supervise the clerk-typist and maintain petty cash.

7. My work schedule was supposed to be Monday - Friday, 9:00 a.m. to 5:00 p.m., with 60 minutes of unpaid lunch.

8. Typically, I worked an average of 41 hours per week. I was often required to stay at work if assignments were not completed. I was told by Arthur Niles, the Executive Director, that I could not receive overtime pay for the extra time because I worked on a salary.

9. Between November 26, 2006 and August 10, 2012, I was supposed to earn $528.50 per week ($1057.00 bi-weekly). But, I received partial payments of $500.00 per week ($1,000 bi-weekly). Therefore, during this period, I was underpaid $8,464.50.

Between August 13, 20012 through November 16, 2012, I was supposed to earn $528.50 but I received only partial payments of $276.93 per week. Therefore, during this period, I was underpaid $3,270.41.

Between November 19, 2012 and November 26, 2012, I was supposed to earn $528.50 per week. But, during this period, I worked six days. Therefore, I earned $634.20. I received a partial payment of $553.85. Therefore, I was underpaid $80.35.

10. I was paid on a salary basis. I was unaware that I should have been paid on an hourly

2

basis because of the nature of my job duties. Between November 26, 2006 and November 26, 2012, I did not receive pay for work performed after 35 hours in a week. My hourly rate during this period was $15.10, my overtime rate of pay should have been $22.65. Because I was not paid for five hours of straight time each week, I was underpaid $23,480.50 ($15.10 hourly ST rate x 311 weeks). I worked 1 hour each week over 40 hours. Therefore, I earned $7,044.15 in overtime (22.65 x 311 weeks).

11. Vannguard delayed payment for my wages **for at least 16 payroll periods in 2012**: January 13 through 30, 2012, February 2 - February 7, 2012, February 15, February 23, March 12 - March 23, March 26 - April 7, 2012, April 9 - April 20, 2012, April 23 - May 4, 2012, May 7 - May 18, 2012, May 21 - June 1, 2012, June 6 - June 15, 2012, June 18 - June 29, 2012, July 1 - July 13, 2012, July 16 - July 27, 2012, June 30 - August 9, 2012, August 13 - August 24, 2012; **for 8 payroll periods in 2011**: October 10 - October 21, 2011, January 17 - January 28, 2011, March 14 - March 24, 2011, April 11 - April 22, 2011, June 6 - June 17, 2011, June 20 - July 1, 2011, July 4 - July 15, 2011 and July 18 - July 29, 2011; **and two payroll periods in 2010**: October 25 - November 5, 2010 and July 19 - July 30, 2010.

12. Over the years, I have spoken to Mr. Niles on numerous occasions concerning the late payment of my wages having to ask when did he expect that we would be paid. He responded in an unconcerned manner that I would be paid when the new contract is approved. Finally, in June 2012, Vannguard employees demanded a meeting with the Board of Directors. We advised Board members, including but not limited to defendants Thomas C. Hansard, Jr., Chairman of the Board, Annunciate Hopkins Pope, Treasurer and Bakbakkar Harris, Secretary of the Board that we had not been paid for several weeks. Despite our complaints, the defendants

3

did nothing to see that we received our paychecks in a timely manner.

13. On November 26, 2012, Vannguard Urban Improvement Association, Inc. locked its employees out of the building and we were unable to report for work. The company posted a notice on the door stating "Notice of Termination" and "Closed for Business."

14. By November 26, 2012, Vannguard also owed me for unpaid annual leave calculated as follows: hourly rate = $15.10 x 96.25 **unpaid annual leave hours** = $1,453.38.

15. In this lawsuit, I am seeking a total of $43,793.29 to recover for unpaid partial wage payments, unpaid wages (5 hrs each week), unpaid overtime and unpaid annual leave, $43,793.29 as liquidated damages for the unpaid partial wage payments, unpaid wages, unpaid overtime and unpaid annual leave, liquidated damages of $27,482.00 as liquidated damages for delayed payment of wages for a total of $115,068.58, exclusive of interest, and attorneys fees and costs.

16. Attached as Exhibit 1 is a copy of various pay stubs for the pay date June 19, 2012 - pay date December 4, 2012. These paystubs show (1) that although I was a secretary, I was paid as a salary employee, i.e., rate $1057.00, (2) the number of hours I worked are not recorded; and (3) despite my protests, Vannguard continued to make partial payments of my wages. For example for pay date June 19, 2012, my rate was $1057.00 but I was only paid $1,000.00 for the pay period, thus I was underpaid $57.00 for the pay period (*see* pay date June 19, 2012), for pay date August 30, 2012, my rate was $1057.00 but I was paid $553.85, for pay date August ; beginning pay date.

I declare under penalty of perjury that the foregoing is true and correct.

4

I declare under penalty of perjury that the foregoing is true and correct.

SWORN TO and SUBSCRIBED before me by _____
                                     Ruth Chase Richardson

this 30th day of April, 2013

_____
Irene Donna Thomas, Notary Public

Irene Donna Thomas
Notary Public
Reg.#02TH6007108
State of New York
My commission expires 9-13-15