IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Sonya Coley, et al.<br>Plaintiffs. | §<br>§<br>§<br>§ | |
| v. | §<br>§<br>§<br>§ | Civil Action No. 12-cv-5565<br>(Chen, J)(Reyes, M.J.) |
| Vannguard Urban Improvement Ass'n<br>Inc., et al     .<br>Defendants. | §<br>§<br>§ | |

## AFFIDAVIT OF ELIZABETH WRIGHT
## IN SUPPORT OF MOTION FOR DEFAULT

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF KINGS      )

I, **Elizabeth Wright**, being duly sworn and under penalty of perjury, depose and state as follows:

1. I am over the age of 21 and I am competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. I reside at ███████████████ Brooklyn, New York ███.

3. I was hired by defendant Vannguard Urban Improvement Association, Inc. on April 7, 1994 and worked for the company until September 14, 2012.

4. My last job title was Director of the Resource Center / Community Consultant.

5. As Director of the Resource Center/Community Consultant, I served as an advocate for tenants in all Vannguard Urban Improvement Association, Inc. buildings. Often times, my work required me to travel to a location after my regular work hours.

6. My work schedule was Monday - Friday, 9:00 a.m. to 5:00 p.m. I was supposed to have 60 minutes of unpaid lunch; but, daily, I worked during the lunch hour. Until April 7, 1994 to February, 2012, I worked at 281 Malcolm X Boulevard, Brooklyn, NY 11233. Then I moved to 613-619 George Glees, Jr.'s Way, Brooklyn, NY 11216 until about April 2012. When tenants or other business contacts came into the building, I was required to serve them regardless of whether it was my lunch period or not. After April 2012, I moved to 1475 Fulton Street, Brooklyn, New York. Still, I was the only person responsible for these duties.

7. Because I normally worked during my lunch hour for the company, I worked 45 hours every week. I was told by the Executive Director, Mr. Niles, that I could not receive overtime pay because I was a salaried employee.

8. Between August 21, 2003 and September 24, 2012, I earned $495.67 per week on a salary basis. I was unaware that I should have been paid on an hourly basis because of the nature of my job duties.

9. I was improperly paid on a salary basis between September 14, 2006 and September 14, 2012 and I did not receive earned overtime for 313 weeks. My hourly rate during this period was $14.16 per hour, my overtime rate of pay should have been $ 21.24 per hour. Because I was not paid for five straight time hours and 5 overtime hours each week during this period, I am due $53,401.00, plus interest and liquidated damages.

10. When my employment ended with Vannguard on September 14, 2012, I had not been paid for five weeks: payperiods August 13, 2012 - August 24, 2012 (two weeks), August 27, 2012 - September 7, 2012 (two weeks) and September 10, 2012 - September 14, 2012 (one

2

week). The total amount due for unpaid wages is $2,267.00.

11. When my employment ended on September 14, 2012, Vannguard owed me unpaid annual leave as follows: 850 unpaid annual leave hours x $14.16 (hourly rate) = $12,036.

12. Vannguard delayed payment for my wages **for at least 16 payroll periods in 2012**: January 13 through 30, 2012, February 2 - February 7, 2012, February 15, February 23, March 12 - March 23, March 26 - April 7, 2012, April 9 - April 20, 2012, April 23 - May 4, 2012, May 7 - May 18, 2012, May 21 - June 1, 2012, June 6 - June 15, 2012, June 18 - June 29, 2012, July 1 - July 13, 2012, July 16 - July 27, 2012, June 30 - August 9, 2012, August 13 - August 24, 2012; **for 8 payroll periods in 2011**: October 10 - October 21, 2011, January 17 - January 28, 2011, March 14 - March 24, 2011, April 11 - April 22, 2011, June 6 - June 17, 2011, June 20 - July 1, 2011, July 4 - July 15, 2011 and July 18 - July 29, 2011; **and two payroll periods in 2010**: October 25 - November 5, 2010 and July 19 - July 30, 2010.

13. Over the years, I have spoken to Mr. Niles on numerous occasions concerning the late payment of my wages and the effect it was having on my credit and the ability to pay my bills. Finally, in June 2012, Vannguard employees demanded a meeting with the Board of Directors. We advised Board members, including but not limited to defendants Thomas C. Hansard, Jr., Chairman of the Board, Annunciate Hopkins Pope, Treasurer and Bakbakkar Harris, Secretary of the Board that we had not been paid for several weeks. Despite our complaints, the defendants did nothing to see that we received our paychecks in a timely manner.

14. On November 26, 2012, Vannguard Urban Improvement Association, Inc. locked its employees out of the building and we were unable to report for work. The company posted a notice on the door stating "Notice of Termination" and "Closed for Business."

15. In this lawsuit, I am seeking a total of $55,668.00 exclusive of liquidated damages and interest, for unpaid wages, unpaid overtime, unpaid annual leave time, liquidated damages (including but not limited to liquidated damages for delay in wage payments), interest and attorneys fees and costs.

I declare under penalty of perjury that the foregoing is true and correct.

SWORN TO and SUBSCRIBED before me by _Elizabeth Wright_

this 30th day of April, 2013

_____
Irene Donna Thomas, Notary Public

Irene Donna Thomas
Notary Public
Reg.#02TH6007108
State of New York
My commission expires 9-13-15