IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Sonya Coley, et al. § <br> Plaintiffs. § <br> § <br> § <br> v. § <br> § <br> § <br> § <br> Vannguard Urban Improvement Ass'n § <br> Inc., et al      . § <br> Defendants. | Civil Action No. 12-cv-5565 <br> (Chen, J)(Reyes, M.J.) |

### AFFIDAVIT OF SONYA N. JOHNSON
### IN SUPPORT OF MOTION FOR DEFAULT

STATE OF NEW YORK        )
                         ) ss:
COUNTY OF KINGS          )

I, **Sonya N. Johnson**, being duly sworn and under penalty of perjury, depose and state as follows:

1. I am over the age of 21 and I am competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. I reside at ▮▮▮▮▮ Brooklyn, NY ▮▮▮

3. I was hired by defendant Vannguard Urban Improvement Association, Inc. in May 1998 as a part-time employee and worked for the company until November 26, 2012.

4. My last job title was Assistant Director of Youth Development and Summer Youth Employment Program Director.

5. My job duties as Assistant Director of Youth Development were to assist with the development of grants and proposals for the Youth Council; assure the implementation of all

1

personnel procedures as related to Youth Council Program staff, coordinate meetings with Youth Council staff to outline or discuss the development and program policies and procedures that have been developed by the executive officers, assist the Director of Youth Development and the Comptroller in the preparation of Youth Council related budgets, recommend the hiring, promoting, demoting, termination of all staff to the executive officer, monitor all Youth Division programs for compliance and accountability, attend Board meetings at the request of the Executive Director, and prepare programmatic reports for all programs and assist the Director of Youth Development in the preparation of annual reports.

6. My work schedule was Monday - Friday, 9:00 a.m. to 5:00 p.m. I work 35 hours each week.

7. I do not work overtime.

8. Between November 9, 2006 and November 9, 2012, I earned 769.23 weekly.

9. When my employment ended on November 26, 2012, Vannguard owed me unpaid annual leave as follows: 133.50 unpaid annual leave hours x $21.98 (hourly rate) = $2,934.33.

10. Throughout my employment, Vannguard delayed payment for my wages **for at least 16 payroll periods in 2012**: January 13 through 30, 2012, February 2 - February 7, 2012, February 15, February 23, March 12 - March 23, March 26 - April 7, 2012, April 9 - April 20, 2012, April 23 - May 4, 2012, May 7 - May 18, 2012, May 21 - June 1, 2012, June 6 - June 15, 2012, June 18 - June 29, 2012, July 1 - July 13, 2012, July 16 - July 27, 2012, June 30 - August 9, 2012, August 13 - August 24, 2012; **for 8 payroll periods in 2011**: October 10 - October 21, 2011, January 17 - January 28, 2011, March 14 - March 24, 2011, April 11 - April 22, 2011, June 6 - June 17, 2011, June 20 - July 1, 2011, July 4 - July 15, 2011 and July 18 - July 29, 2011; **and**

2

**two payroll periods in 2010**: October 25 - November 5, 2010 and July 19 - July 30, 2010.

11. Concerning the late wage payments, my supervisor Sonya Coley inquired about the late paychecks to Arthur Niles, the Executive Director. She reported outcomes of each meeting to the staff. The late paychecks caused me to be depressed and frustrated due to an inability to meet my financial obligations. On August 7, 2012, Vannguard employees demanded a meeting with the Board of Directors. We advised Board members, including but not limited to defendants Thomas C. Hansard, Jr., Chairman of the Board, Annunciate Hopkins Pope, Treasurer and Bakbakkar Harris, Secretary of the Board that we had not been paid for several weeks. Despite our complaints, the defendants did nothing to see that we received our paychecks in a timely manner.

12. On November 26, 2012, Vannguard Urban Improvement Association, Inc. locked its employees out of the building and we were unable to report for work. The company posted a notice on the door stating "Notice of Termination" and "Closed for Business."

13. In this lawsuit, I am seeking a total of $2,934.33 exclusive of liquidated damages and interest, for unpaid annual leave time, liquidated damages (including but not limited to liquidated damages for delay in wage payments), interest and attorneys fees and costs.

I declare under penalty of perjury that the foregoing is true and correct.

3

SWORN TO and SUBSCRIBED before me by _____

this 30th day of April, 2013

_____
Irene Donna Thomas, Notary Public

Irene Donna Thomas
Notary Public
Reg.#02TH6007108
State of New York
My commission expires 9-13-15

4