IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Sonya Coley, et al. | § | |
| Plaintiffs. | § | |
| | § | |
| | § | |
| v. | § | Civil Action No. 12-cv-5565 |
| | § | (Chen, J)(Reyes, M.J.) |
| | § | |
| | § | |
| Vannguard Urban Improvement Ass'n | § | |
| Inc., et al      . | § | |
| Defendants. | | |

**PLAINTIFFS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**

**PRELIMINARY STATEMENT**

This is an action for unpaid minimum and overtime wages, and delayed payment of wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and minimum, overtime, delayed wage payments, partial payment of wages and unpaid annual leave under the New York Labor Law, N.Y. Lab. Law, including liquidated damages, interest, costs and attorney's fees under both statutes.

The complaint in this action was filed on November 9, 2012. After repeated, unsuccessful attempts to serve the defendants, this court authorized substitute service upon Andre Soliel, defendants' counsel, at his offices at 32 Court Street, Brooklyn, NY, and service by publication in the Brooklyn Eagle. Defendants Vannguard Urban Improvement Association, Inc., Thomas C. Hansard, Jr. Annunciate Hopkins Pope and Bakbakkar Harrs were served by substitute service on February 28, 2013, and by publication on March 6, 2013.

The defendants failed to answer. But, on April 3, 2013, "Jim Harkins" from "Travelers'

1

Insurance Company" called plaintiffs' counsel on the defendants' behalf. He indicated to counsel that Travelers would deny the claim. On April 19, 2013, the Honorable Ramon E. Reyes, Jr. requested the Clerk of the Court to enter default against the defendants and ordered plaintiffs' to file and serve a motion for default judgment by May 3, 2013. The Clerk of Court entered the default on April 25, 2013.

This court has subject matter jurisdiction of this matter pursuant to the FLSA, 29 U.S.C. §201 *et seq.* and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction is conferred by 28 U.S.C. § 1367(a).

Personal jurisdiction over the defendants against whom a default judgment is now being sought exists by virtue of service of the summons and complaint by substitute service and by publication as allowed by the court.

## SUMMARY OF RELEVANT FACTS

The facts of this case, summarized as follows, are fully stated in the plaintiffs' accompanying affidavits and in the Complaint. Defendant Vannguard Urban Improvement Association, Inc., is a not-for-profit corporation duly licensed and organized under the laws of the New York State, and is engaged in the business of career vocational counseling, job skills training and preparation for economically disadvantaged teens and young adults. At all relevant times, defendants Thomas C. Hansard, Jr. Served as Chairman of the Board of Directors, Annuciate Hopkins Pope served as Treasurer of the Board of Directors, and Bakbakkar Harris served as Secretary of the Board of Directors. The plaintiffs, collectively, worked for Vannguard between 1990 and November 26, 2012. On November 26, 2012, the defendants posted sign on the door of its facility at 1475 Fulton Street, Brooklyn, NY, stating "Notice of Termination" and

2

"Closed for Business."

Through the plaintiffs' employment, the defendants failed and refused to make timely wage payments to the plaintiffs. Repeatedly, the plaintiffs complained to the defendants' Executive Director, Arthur Niles, about the failure to pay wages, but he shunned their complaints and excused the failure to pay indicating that certain contracts had not been signed.

For instance, the defendants delayed the plaintiff's wages on the following occasions: **for at least 16 payroll periods in 2012**: January 13 through 30, 2012, February 2 - February 7, 2012, February 15, February 23, March 12 - March 23, March 26 - April 7, 2012, April 9 - April 20, 2012, April 23 - May 4, 2012, May 7 - May 18, 2012, May 21 - June 1, 2012, June 6 - June 15, 2012, June 18 - June 29, 2012, July 1 - July 13, 2012, July 16 - July 27, 2012, June 30 - August 9, 2012, August 13 - August 24, 2012; **for 8 payroll periods in 2011**: October 10 - October 21, 2011, January 17 - January 28, 2011, March 14 - March 24, 2011, April 11 - April 22, 2011, June 6 - June 17, 2011, June 20 - July 1, 2011, July 4 - July 15, 2011 and July 18 - July 29, 2011; **and two payroll periods in 2010**: October 25 - November 5, 2010 and July 19 - July 30, 2010.

Moreover, the defendants paid plaintiffs Thomas Pope, Ebony Hall, Elizabeth Wright and Ruth Richardson on a salary basis when, in fact, these employees do not meet the requirements for an exemption from minimum wage and overtime protections. As a Counselor Specialist, Mr. Pope possessed a college degree, but the highest level of education for Ms. Hall[1] was a high school diploma. Mr. Pope, Ms. Hall and Ms. Wright earned more than $250 per week on a salary basis. Mr. Pope and Ms. Hall, who performed the same job duties, did not have authority to hire

---

[1]Both plaintiffs performed the identical job duties.

3

or fire employees and did not customarily and regularly exercise discretion in the conduct of their duties. The principal part of their job was to screen program applicants, including potential applicants, to obtain data regarding their qualifications for the program. Ms. Wright, as Director of the Resource Center/Community Consultant, principally served tenants of various Vannguard properties and business contacts who came into the building. She earned more than $250 per week, but she did not have authority to hire or fire employees and did not customarily and regularly exercise discretion in the conduct of their duties. Thus, these plaintiffs do not qualify for an exemption under the FLSA or the New York Labor Law. They, therefore, were entitled to all minimum wage, overtime and other protections guaranteed to employees by statute. Mr. Pope worked an average of 50 hours per week. Ms. Hall worked an average of 43 hours per week. Ms. Wright worked an average of 45 hours every week.

Ms. Richardson was the Office Manager/Secretary. Her work duties involved maintaining records and files for Vannguard, answering the telephone, receiving and answering correspondence under the direction of the Executive Director, preparing memorandums and notices. She was paid more than $250 per week, however, her work was not related to management policies nor did she customarily and regularly exercise discretion and independent judgment in the performance of her duties. Ms. Richardson earned 528.50 on a salary basis. She was entitled to all minimum wage, overtime and other protections guaranteed to employees by statute. Ms. Richardson normally worked 41 hours each week. Moreover, the defendants repeatedly paid Ms. Richardson partial wages. As the pay stubs attached to her affidavit shows, her agreed upon bi-weekly rate was $1057.00. But, the defendants often paid her $1000.00 weekly and for months before her termination, the company paid her approximately $533.00 bi-

weekly.

The normal work week for all employees was 35 hours. Concerning overtime, all plaintiffs, including Pope, Hall and Richardson, were informed by the defendants, usually by the Executive Director, that they were not permitted to put the actual time that they left the premises on the timesheet, that they were salaried employees and, therefore, would not be paid overtime.

At their termination, Vannguard refused and failed to pay all employees for unpaid annual leave:

| | | |
|---|---|---|
| Sonya Coley | 710 hours | $20,384.10 |
| Thomas Pope | | |
| Ruth Chase Richardson | 96.25 hours | $1,453.38 |
| Ebony Hall | 182.75 hours | $2,610.71 |
| Mossa Jones | 403 hours | $7,084.74 |
| Salika Taylor | 295.55 hours | $3,948.55 |
| Sonya N. Johnson | 133.50 hours | $2,934.33 |

Moreover, Ms. Wright worked for Vannguard between April 7, 1994 and September 14, 2012. When her employment with Vannguard was involuntarily terminated on September 14, 2012, she had not been paid for five weeks for a total of $2,267.00 and was not paid for unpaid annual leave in the total sum of $12,036 (850 unpaid annual leave hours).

## POINT I

## PLAINTIFFS ARE ENTITLED TO DEFAULT JUDGMENT

### A.   Plaintiffs are entitled to a default judgment on liability

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." Bravado Int'l Grp. Merch. Servs., Inc. v. Ninna, Inc., 655 F. Supp.2d 177, 188 (E.D.N.Y 2009). A "party moving for

default judgment is entitled to 'all reasonable inferences in its favor.'" *Id.* Because the defendants have defaulted, and the plaintiffs' allegations and affidavits are unchallenged, the complaint and affidavits are a sufficient and appropriate basis for a default judgment. Indeed, the plaintiffs alleged in the complaint that they are entitled to minimum wage and overtime protections where the duties they performed are not covered by any appropriate exemption. *See* Complaint at ¶ 21.

## B.      An inquest is unnecessary

Where the plaintiff's claim is for a sum certain, or a sum that can be made certain by computation, an inquest is unnecessary. *See* Fed. R. Civ. P. 55(a). But, the court has broad discretion to require an inquest if it needs to (1) conduct an accounting, (2) determine the amount of damages, (3) establish the truth of any allegation by evidence, or (4) to investigate any other matter. Fed. R. Civ. P. 55(b).

Here, the proper measure of the plaintiffs' damages for unpaid wages, overtime, delayed wage payments and unpaid annual leave, liquidated damages and pre-judgment interest under the New York Labor Law is stated in the accompanying affidavits submitted by the plaintiffs. The computations are supported by the specific information as to the plaintiffs' wages and hours they worked. Because this evidence satisfies the standard for determining a sum certain, an inquest is not required.

## POINT II

**PLAINTIFFS ARE ENTITLED TO BACK PAY, LIQUIDATED DAMAGES A THREE YEAR LIMITATIONS PERIOD UNDER THE FLSA, A SIX YEAR LIMITATIONS PERIOD UNDER N.Y. LAB. LAW, COSTS AND ATTORNEY FEES**

**A.** **Back pay**

In 2006, the minimum wage in New York was $6.15 per hour.  On January 1, 2007, the minimum wage increased to $7.15 per hour or, if greater, such other wage as may be established by federal law pursuant to 29 U.S.C. section 206 or its successors.  N.Y. Lab. Law § 652(1) (McKinney).  Under N.Y. Lab. Law § 191(1)(d), clerical and other workers, except executive, administrative or professional employees, must be paid the wages earned in accordance with the agreed terms of employment not less frequently than semi-monthly, on regular pay days designated in advance by the employer.  Under New York law, "wages" includes vacation pay. N.Y. Lab. Law § 198-c(3).

**B.** **Liquidated Damages**

"Under the FLSA, a district court is generally required to award a plaintiff liquidated damages equal in amount to actual damages."  *See Barfield v. New York City Health & Hospitals Corp.*, 537 F.3d 132, 150 (2d Cir. 2008), *see also* 29 U.S.C. § 216(b) ("Any employer who violates [the overtime provisions of the FLSA] shall be liable to the employee or employees affected in the amount of ... their unpaid overtime compensation ... and in an additional equal amount as liquidated damages.").  The court may deny an award of liquidated damages where the employer proves that its failure to pay appropriate wages was in "good faith" with objectively "reasonable grounds" for believing that its acts or omissions did not violate the FLSA.  *Id.*  "To establish the requisite subjective "good faith," an employer must show that it took "active steps to ascertain the dictates of the FLSA and then act to comply with them."  *Id.*

Under New York Labor Law, prevailing employees in an action for unpaid wages, including but not limited to overtime, is entitled to  no more than one hundred percent of the total

amount of wages found to be due.  *See* N.Y. Labor Law § 198.

**C.     Three-year limitations period under the FLSA; Six year limitations period under**

**N.Y. Lab. Law**

Under the FLSA, an action for unpaid wages, including overtime, must be brought within

two years, unless the employer's conduct is a wilful violation.  *See* 29 U.S.C. § 255(a).  In the

case of wilful violations, the limitations period is three years.  *Id.*  Under New York Labor Law,

an action for unpaid wages must be commenced within six years.  N.Y. Lab. Law § 198(3).

**D.     Prejudgment interest**

Plaintiff also seek an award of prejudgment interest on the New York law claims for

unpaid minimum, overtime and annual leave wages.  The interest rate is calculated at the rate of

9% per year.  N.Y.  C.P.L.R. 5004.  The interest payments may be calculated "upon all of the

damages from a single reasonable intermediate date."  NY. CPLR §5001(b).

**E.     Costs and attorneys' fees**

Under the FLSA, 29 U.S.C. § 216(b), if the plaintiffs prevail, the court must, in addition

to any judgment, must allow a reasonable attorney fee and costs of the action.  *Id.*  Similarly, in

New York, "the court shall allow such employee to recover the full amount of any underpayment,

all reasonable attorney's fees, prejudgment interest as required under the civil practice law and

rules, and, unless the employer proves a good faith basis to believe that its underpayment of

wages was in compliance with the law, an additional amount as liquidated damages equal to one

hundred percent of the total amount of the wages found to be due." N.Y. Lab. Law § 198).

**CONCLUSION**

For the reasons stated above, and in the accompanying affidavits and exhibits, plaintiffs'

8

application for a default judgment should be granted in its entirety.

Dated:        Brooklyn, New York
              May 3, 2013

Irene Donna Thomas
Thomas & Associates
████████████████
Brooklyn, New York ██████