# Soleil & Company
*a professional corporation*

André Ramón Soleil, Esq.
Chairman & Chief Counsel

32 Court Street, Suite 1107
Brooklyn, NY 11201
www.soleilcolaw.com
(718) 522-0103 tel.  ~  (718) 705-4397 fax

Ernestine J. Mings, Esq.
*Of Counsel*

Subhana A. Rahim, Esq.
*Of Counsel*

May 7, 2014

Judge Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

       Re.: Objection to Order of Mag. Reyes dated April 24, 2014 (re. doc.#95 & 96)

Dear Judge Chen:

  I am the attorney for Defendant Vannguard Urban Improvement Association, Inc. (hereinafter "Defendant"). I submit this letter of objection pursuant to FED R. CIV. PROC. § 72(a).

  On April 4, 2014, Plaintiffs filed a letter motion for a pretrial conference to relieve themselves of the order of December 4, 2013 further amend their complaint, add additional parties, and for other reliefs. *See* Docket 72 & 95. On April 10, 2014, Defendant also submitted a letter motion for a promotion conference to preclude discovery and in opposition to Plaintiffs' letter motion. *See* Docket 96.

  Without any briefing schedule or motion hearings, on April 24, 2014, Magistrate Reyes "ORDER[ed that] . . . [a] conference is unnecessary. The motion is granted in all respects, plaintiffs having established (1) good cause for filing an amended complaint adding additional parties and (2) a valid basis for the discovery sought. Amended complaint must be filed on 5/2/14 and served by 5/16/14." Magistrate Reyes also denied Defendant's application.

  Defendant objects to Magistrate Reyes' April 24, 2014 orders for the reasons clearly expressed in Defendant's letter motion (Docket 96). Defendant further objects as follows.

  Pursuant to FED R. CIV. PROC. § 72(a), "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision."



Judge Reyes, in his April 24, 2014 order, found "[a] conference is unnecessary" and "granted [Plaintiffs' motion] in all respects . . . ." Here the "required proceedings" were explicitly not held.

The "required proceedings are the subject of several local and part rules. Pursuant to Local Civil Rule 7.1 . . .

> Except for letter-motions . . . or as otherwise permitted by the Court, all motions shall include . . . (1) A notice of motion . . . which shall specify the applicable rules or statutes pursuant to which the motion is brought, and shall specify the relief sought by the motion; (2) A memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined; and (3) Supporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion.

Here, there was no "notice of motion[,] . . . memorandum of law[, or] . . . supporting affidavits" submitted at all. In fact, Judge Reyes found that "plaintiffs hav[e] established (1) good cause for filing an amended complaint adding additional parties and (2) a valid basis for the discovery sought." *Supra*. Defendant has no idea how Plaintiffs established anything since they did not submit any supporting affidavits or cite any cases or authorities. Judge Reyes clearly deviated from the "required proceedings."

Finally, under the MOTION AND INDIVIDUAL PRACTICE RULES OF MAGISTRATE JUDGE RAMON E. REYES, JR., § III.B. "a pre-motion conference with the Court is required before making any motion[;]" and under § III.D.1.a. "no motion papers shall be filed until the motion has been fully briefed."

Here, no pre-motion conference was held; ever. Here, no motion papers were filed and no motion was fully briefed; ever. Judge Reyes clearly deviated from the "required proceedings."

Together, these various breaches of "required proceedings" demonstrate a violation of Defendant's right of procedural due process, and judicial caprice and/or arbitrariness. Defendant wonders whether Magistrate Reyes should recuse himself after such abrogation of the clear rules of motion practice. Even should the Court allow a "resetting" of these *proposed* motions, Defendant easily presumes that its fate is pre-set by Judge Reyes' demonstrated prejudice.

Therefore, Defendant requests that the orders of Judge Reyes, dated April 24, 2014, be reversed, the Amended Complaint (Docket 99 & 100), the Summons issued (Dockey 101) be void, and that a briefing schedule be set by the Court according to the "required proceedings" of the Federal, Local and Part rules.

Sincerely,

André Ramón Soleil, Esq. (ARS7740)
Attorney for Defendant Vannguard Urban
Improvement Association, Inc.