UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
SONYA COLEY, ET AL.,

                Plaintiffs,

          - against -

VANNGUARD URBAN IMPROVEMENT
ASSOCIATION, INC., ET AL.,

                Defendants.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
12-CV-5565 (PKC) (RER)

PAMELA K. CHEN, United States District Judge:

       In this action alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), Plaintiffs now move for default judgment against Defendant Vannguard Urban Improvement Association, Inc. ("Vannguard") (Dkt. 178), and against Defendants Vannguard Local Development Corporation, Inc. ("Local") and 1686 Gates General Partners Corp., Malcolm 1677 General Partners Corp., 1659 Hancock General Partners Corp., and 1661 Macon General Partners Corp. (collectively, "the Partnership Corporations") (Dkt. 145). For the reasons set forth below, Plaintiffs' motions are GRANTED as to liability. The Court reserves any damages determination as to these defaulting Defendants pending a liability determination as to the remaining non-defaulting Defendant, Arthur Niles. Should Niles be deemed liable, the damages determination as to the defaulting Defendants shall be consolidated with the damages inquest, either through trial or otherwise, as to Niles.

*BACKGROUND*

       Plaintiffs filed their original complaint on November 9, 2012, naming Vannguard, among others, as a defendant. (Dkt. 1.) Based on Vannguard's failure to answer (*see* Dkt. 12), the Clerk of Court entered default on April 25, 2013 (4/25/13 Dkt. Entry of Default), and on May 3, 2013,

1

Plaintiffs moved for default judgment against Vannguard (Dkt. 14). But Vannguard, whose counsel, Andre Soleil, entered an appearance on May 28, 2013 (Dkt. 31), subsequently sought to respond to the complaint, and appeared at a later status conference, at which the Honorable Ramon E. Reyes vacated the entry of default. (7/22/13 Minute Order.) Plaintiffs filed an amended complaint on September 3, 2013 (Dkt. 58), and a second amended complaint on October 23, 2013 (Dkt. 68), both with leave of the Court. Vannguard answered the Second Amended Complaint, and asserted a counterclaim against Plaintiff Coley, on November 22, 2013 (Dkt. 71), and filed a pre-motion conference letter on February 27, 2014, proposing to move to dismiss the action on the basis of failure to join a necessary party (Dkt. 90). On May 5, 2014, with leave of the Court and over Vannguard's objections (Dkt. 96), Plaintiffs filed the Third Amended Complaint, now the operative complaint in this action, in which Plaintiffs named Local and the Partnership Corporations as Defendants (Dkt. 100).[1]

Local and the Partnership Corporations failed to answer or otherwise respond to the Third Amended Complaint, so the Clerk of Court entered default against them on July 17, 2014 (Dkt. 117). On July 23, 2014, Plaintiffs moved for default judgment as to Local and the Partnership Corporations (Dkt. 118), but on December 10, 2014, those Defendants moved to dismiss the action for lack of jurisdiction and to vacate the default for insufficient notice and service of process (Dkt. 125; *see also* Dkt. 130).[2] Both motions were terminated as moot on September 29, 2015, when

---

[1] Vannguard objected to Judge Reyes's grant of leave to Plaintiffs to file the Third Amended Complaint. (Dkt. 102.) This Court rejected those objections and adopted Judge Reyes's order permitting Plaintiffs to file that Complaint. (5/8/14 Dkt. Order.)

[2] The motion to dismiss for lack of jurisdiction and to vacate default filed by Local and the Partnership Corporations on December 10, 2014 was filed by Soleil (Dkt. 125), Vannguard's counsel, but Soleil never entered an appearance on behalf of Local or any of the Partnership Corporations. (*See* Dkt. 31.)

Judge Reyes permitted Plaintiffs additional time in which to serve the Third Amended Complaint on Local and the Partnership Corporations. (Dkt. 133.) Plaintiffs served Local and the Partnership Corporations on October 1, 2015 (*see* Dkts. 135–39; *see also* Dkt. 143), but those Defendants failed to answer or otherwise move against the Third Amended Complaint. They also failed to appear for a status conference before Judge Reyes on November 23, 2015. Therefore, Plaintiffs again sought an entry of default against Local and the Partnership Corporations. (*See* 11/23/15 Minute Entry; Dkt. 140.) The Clerk of Court again entered default against those Defendants on December 8, 2015 (Dkt. 144), and Plaintiffs then moved for default judgment as to those Defendants on December 12, 2015 (Dkt. 145).

Although Vannguard participated in discovery and appeared at conferences,[3] Vannguard's counsel, Soleil, filed a letter on January 29, 2016, advising the Court that "Vannguard is currently an empty entity with no directors, employees, properties, interests, etc.," that "Vannguard only has one volunteer agent left – [him]," and that he "ha[d] only one authorized purpose – Vannguard's dissolution." (Dkt. 153 at ECF[4] 3.) Soleil wrote that because he "ha[d] no principal to give [him] direction," and because his "client cannot and will never ever return," he was seeking to withdraw as Vannguard's counsel. (*Id.*) Soleil reiterated Vannguard's condition and lack of involvement in the litigation in a letter filed on February 9, 2016, in which he described Vannguard as having "no officers, employees or directors," such that "the only thing Vannguard is empowered to do in such a state is dissolve." (Dkt. 157 at ECF 2.) In a hearing before the Court on March 2, 2016, Soleil

---

[3] The Court notes that Vannguard did not answer the Third Amended Complaint. Rather, Vannguard answered only the Second Amended Complaint, and asserted a counterclaim against Plaintiff Sonya Coley. (*See* Dkt. 71.) In a hearing on April 19, 2016, the Court dismissed that counterclaim against Coley, in light of Vannguard's default.

[4] All citations to "ECF" pagination refer to page numbers generated by the Electronic Court Filing ("ECF") system, and not the document's internal pagination.

was warned that, should he withdraw, Vannguard would be unrepresented and Plaintiffs would be permitted to request an entry of default and move for default judgment against Vannguard. (3/2/16 Minute Entry.) Soleil entered a notice of withdrawal of counsel on March 5, 2016 (Dkt. 172), which the Court granted on March 7, 2016 (3/7/16 Dkt. Order). On March 16, 2016, Plaintiffs sought entry of default against Vannguard (Dkt. 173), which the Clerk of Court entered on March 25, 2016 (3/25/16 Dkt. Entry of Default). Plaintiffs moved for default judgment against Vannguard on April 13, 2016. (Dkt. 178.)

*DISCUSSION*

I. <u>Legal Standard for Default Judgment</u>

"Federal Rule of Civil Procedure 55 [("Rule 55")] is the basic procedure to be followed when there is a default in the course of litigation." *Vt. Teddy Bear Co. v. 1–800 Beargram Co.,* 373 F.3d 241, 246 (2d Cir. 2004). Rule 55 provides a "two-step process" for the entry of judgment against a party who "has failed to plead or otherwise defend": first, the entry of a default, and second, the entry of a default judgment. *See New York v. Green,* 420 F.3d 99, 104 (2d Cir. 2005); *see also* Fed. R. Civ. Proc. 55. "The first step, entry of a default, formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of N.Y. v. Mickalis Pawn Shop, LLC* (*Mickalis*)*,* 645 F.3d 114, 128 (2d Cir. 2011). "The second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c) [of the Federal Rules of Civil Procedure]." *Id*.

II. <u>Entry of Default: Defendants' Failure to "Plead or Otherwise Defend"</u>

The "typical Rule 55 case [is one] in which a default has entered because a defendant failed to file a timely answer." *Mickalis*, 645 F.3d at 129 (quotation marks omitted) (alteration in

4

original). This is the case with Local and the Partnership Corporations, which failed to answer or move against the Third Amended Complaint after being properly served therewith, and further failed to enter an appearance in a subsequent conference before the Court on November 23, 2015. Therefore, the entry of default against Local and the Partnership Corporations is proper.

But "a district court is also empowered to enter a default against a defendant [that] has failed to . . . 'otherwise defend.'" *Mickalis*, 645 F.3d at 129 (quotation marks omitted) (alterations in original). The Second Circuit has "embraced a broad understanding of the phrase 'otherwise defend.'" *Id.* It has found entry of default proper in a variety of circumstances—*e.g.*, where a defendant has failed to appear for trial after a lack of diligence in pre-trial proceedings, *Brock v. Unique Racquetball & Health Clubs, Inc.*, 786 F.2d 61, 64–65 (2d Cir. 1986); where a defendant has used obstructionist litigation tactics, *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981); and where a defendant has willfully disregarded court orders, *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1310 (2d Cir. 1991). Notably, in affirming the entry of default judgment, the Court in *Mickalis* deemed it a failure to "otherwise defend" where defendants refused to participate further in litigation—*i.e.*, they "affirmatively signaled to the district court [their] intention to cease participating in [their] own defense, even after [they were] clearly warned that a default would result" and "withdrew [their] counsel without retaining a substitute"—even though defendants had, "over the course of several years[,] . . . appeared in the litigation, repeatedly moved to dismiss, eventually filed an answer, and vigorously defended themselves in discovery." *Mickalis*, 645 F.3d at 129–30.

This is the case with Vannguard. While having participated at various points throughout this litigation, Vannguard has refused, at least as of January 29, 2016, to "otherwise defend" against it, seemingly because there is no longer any corporate entity left to do so or to communicate

with counsel. (*See, e.g.*, Dkt. 153 at ECF 3 ("Vannguard is currently an empty entity with no directors, employees, properties, interests, etc.," "Vannguard only has one volunteer agent left – [Soleil]," and he "ha[d] only one authorized purpose – Vannguard's dissolution").) Given that Vannguard has "no principal to give [counsel] direction" and "cannot and will never ever return" (*id.*), and given that its counsel has withdrawn, knowing that such a withdrawal would leave Vannguard unrepresented and would likely lead to Vannguard's default, the Court finds that Vannguard has failed to "otherwise defend" this action and that the entry of default against it is proper. *See Garcia v. Chirping Chicken NYC, Inc.* (*Chirping Chicken*), No. 15-CV-2335, 2016 U.S. Dist. LEXIS 32750, at *23–24 (E.D.N.Y. Mar. 11, 2016), *adopted in full by* 2016 U.S. Dist. LEXIS 46183 (E.D.N.Y. Mar. 31, 2016) ("The failure of a corporate defendant to obtain counsel constitutes a failure to defend because a corporation cannot proceed pro se in federal court.").

III.     Entry of Default Judgment:  Liability Under FLSA and NYLL

In determining whether to issue a default judgment, the Court has the "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." *Rolls-Royce PLC v. Rolls–Royce USA Inc.*, 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010) (citing *Au Bon Pain Corp.*, 653 F.2d at 65). In other words, "after default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Rolls-Royce PLC* at 153 (quotation marks omitted) (alteration in original); *see also Mickalis*, 645 F.3d at 137 ("[P]rior to entering default judgment, a district court is 'required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law.'") (citation omitted) (alterations omitted).

Default judgments are disfavored, because "[a] clear preference exists for cases to be adjudicated on the merits." *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 174 (2d Cir. 2001).

6

Nevertheless, on a motion for default judgment, the Court "deems all the well-pleaded allegations in the pleadings to be admitted." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 108 (2d Cir. 1997); *see also Mickalis*, 645 F.3d at 137 ("[A] defendant who defaults thereby admits all 'well-pleaded' factual allegations contained in the complaint."). A district court is empowered under Rule 55(b)(2) of the Federal Rules of Civil Procedure ("Rule 55(b)(2)"), in the exercise of its discretion, to "'conduct hearings or make referrals' as may be necessary, inter alia, to determine the amount of damages or establish the truth of the plaintiff's allegations." *Mickalis*, 645 F.3d at 129 (citing Fed. R. Civ. P. 55(b)(2)(B)–(C)).

   A.   FLSA

FLSA requires that an employer compensate employees, other than those falling into specific exemptions, for all hours worked, at a prevailing minimum wage, and provide overtime compensation for hours worked over 40 in a given workweek. 29 U.S.C. §§ 206, 207. FLSA's requirements apply "pursuant to either 'individual' or 'enterprise' coverage," the former encompassing individuals "engaged directly in interstate commerce or in the production of goods for interstate commerce" and the latter, "substantially broaden[ing] the scope of [FLSA]," encompassing "any employee of an enterprise engaged in interstate commerce." *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 295 n.8 (1985); *see also Jacobs v. N.Y. Foundling Hosp.,* 577 F.3d 93, 96 (2d Cir. 2009) (FLSA's requirements apply "if an employee either: 1) is engaged in commerce or in the production of goods for commerce, or 2) is employed in an *enterprise* engaged in commerce or in the production of goods for commerce.") (quotation marks omitted) (emphasis in original). Enterprise liability under FLSA extends to entities that: (1) perform related activities "for a common business purpose"; (2) have "employees engaged in commerce or in the production of goods for commerce, or . . . employees handling, selling, or

7

otherwise working on goods or materials that have been moved in or produced for commerce by any person"; and (3) have an "annual gross volume of sales made or business done [] not less than $500,000." 29 U.S.C. § 203(r)–(s).

Plaintiffs allege that Vannguard, a not-for-profit corporation, and its subsidiaries—Local and the Partnership Corporations—performed activities through contracts with New York City for the common business purposes of providing services to disadvantaged teens and young adults in Brooklyn, New York and engaging in community development projects, activities performed using "rent and other income received by [Vannguard's] subsidiaries." (Dkt. 100 ¶¶ 4, 6.) Plaintiffs allege further that Vannguard's employees "have handled and used and worked with goods that have been moved in or produced in interstate commerce, and that its annual gross volume of business was not less than $500,000 (exclusive of excise taxes at the retail level)." (*Id.* ¶ 5.) Taking these allegations as true, as the Court must at the default judgment stage, the Court finds that this is sufficient to establish enterprise coverage. *See Chirping Chicken*, 2016 U.S. Dist. LEXIS 32750, at *12–14 (in FLSA case, where plaintiffs alleged that "'[d]efendants engage in interstate commerce, produce goods for interstate commerce, or handle, sell, or work on goods or materials that have been moved in or produced for interstate commerce' . . . [and] that '[d]efendants' annual gross volume of sales made or business done is not less than $500,000,'" the court "d[id] not require any additional factual allegations to establish enterprise coverage").

Plaintiffs seek to impose liability on *all* Defendants for alleged FLSA violations, *i.e.*, depriving Plaintiffs of straight time and overtime pay, including forcing them to work off the clock, misclassifying Plaintiffs as exempt from the minimum wage and overtime requirements of FLSA (even though their tasks did not meet the criteria for those exemptions), and failing to make, keep, and preserve records of Plaintiffs' wages, hours, and conditions and practices of employment. (*See*

Dkt. 100 ¶¶ 157–163.) Liability under FLSA extends only to "employers," defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee," *id*. § 203(d), where to "employ" means to "suffer or permit to work," *id*. § 203(g). These definitions "sweep broadly" in "identifying the persons or entities who qualify as 'employers' subject to [FLSA]," *see Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 140 (2d Cir. 2008), and have a "striking breadth" meant to "cover some parties who might not qualify . . . under a strict application of traditional agency law principles," *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992).

Vannguard was clearly Plaintiffs' employer—Vannguard hired Plaintiffs (Dkt. 100 ¶ 28), issued Plaintiffs' paychecks, albeit belatedly on many occasions (*id*. ¶¶ 43–45), covered Plaintiffs' health insurance and retirement plans (*id*. ¶ 35), withheld taxes (*id*. ¶ 36), provided Plaintiffs' W-2 and W-4 tax forms classifying Plaintiffs as employees (*id*. ¶ 37), and "was responsible for providing the instrumentalities by which the work was to be done," *i.e.*, "computers, office equipment, and office supplies" (*id*. ¶ 40).

Whether Local and the Partnership Corporations were also Plaintiffs' employers, however, requires more analysis. Plaintiffs seek to impose liability on Local and the Partnership Corporations under the "single employer/enterprise" and "joint employer" doctrines. (*See id*. ¶ 23 (Defendants "constitute a single enterprise under the FLSA"); ¶ 24 (Defendants were "joint employers of the plaintiffs within the meaning of the FLSA and within the meaning of the [NYLL] where they acted directly or indirectly in the interest of the other employer (or employers) in relation to the plaintiffs," and are therefore "jointly and severally liable for plaintiffs' injuries") (alteration omitted); *id*. ¶ 25 (Defendants "were engaged in related activities, had a unified

operation or common control and a common business purpose").)[5]

1. Single Employer/Enterprise Doctrine

"To establish single employer liability, courts employ a four-factor test, analyzing the extent of: (1) the interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Chirping Chicken*, 2016 U.S. Dist. LEXIS 32750, at *20. While the Second Circuit does not appear to have "expressly applied the integrated enterprise test in the FLSA context," *Teri v. Spinelli*, 980 F. Supp. 2d 366, 372 n.12 (E.D.N.Y. 2013), the Court finds sufficient support for its application here. *See, e.g., United States v. Stanley*, 416 F.2d 317, 318 (2d Cir. 1969) (finding "abundant evidence in the record" to support jury's determination that parent and subsidiaries constituted a single enterprise, namely, that the corporations "were all located at the same address; production employees were shifted from one to another; [and] the bookkeeping for all was performed by the same employees").

Plaintiffs allege that Vannguard used "rent and other income received by its subsidiaries," namely, Local and the Partnership Corporations, to "provide[] services and engage[] in community development projects." (Dkt. 100 ¶ 6.) Plaintiffs further allege that: (1) Local's "principal office and place of business" and the Partnership Corporations' "principal executive offices" were all located "at the offices of [Vannguard]" (*id*. ¶¶ 11–15), meaning that "[t]he corporate defendants ha[d] common central offices at a single location" (*id*. ¶ 20); (2) Local and the Partnership

---

[5] While the single employer (or single/integrated enterprise) and the joint employer doctrines are often discussed in tandem and share some core characteristics, they are distinct: "A single employer situation exists where two nominally separate entities are actually part of a single integrated enterprise," *e.g.* "parent and wholly-owned subsidiary corporations, or separate corporations under common ownership and management," whereas "[i]n a joint employer relationship, . . . they are separate legal entities, but [] they handle certain aspects of their employer-employee relationship jointly." *Arculeo v. On-Site Sales & Mktg., L.L.C.*, 425 F.3d 193, 198 (2d Cir. 2005) (quotation marks and citations omitted) (alteration omitted).

10

Corporations were "organized for the purpose of supporting the parent corporation, [Vannguard] . . . , with its mission of providing services to the community" (*id.* ¶¶ 11–15); (3) "[m]embers of the Board of Directors for defendant Vannguard . . . considered and resolved issues concerning its subsidiaries, [Local and the Partnership Corporations]" (*id.* ¶ 17); (4) "[i]ncome from defendant Vannguard . . . subsidiaries, [Local and the Partnership Corporations], was used to financially support defendant Vannguard . . ." (*id.* ¶ 18); (5) "Merril[l] Lynch Wealth Management Accounts for defendant Vannguard . . . included its subsidiaries, i.e. [the Partnership Corporations]" (*id.* ¶ 19); (6) while employees of Vannguard "received a paycheck from defendant Vannguard . . . they performed work on behalf of the subsidiaries" (*id.* ¶ 21); and (7) "[i]ncome received by the subsidiaries [was] utilized by defendant Vannguard . . . for employee payroll purposes and for providing services as part of its mission" (*id.* ¶ 22).

At the default judgment stage, given that the Court must accept all of Plaintiffs' well-pleaded factual allegations as true, the Court finds that these allegations adequately support a conclusion that Vannguard, Local, and the Partnership Corporations are a single enterprise for purposes of FLSA liability. *See Chirping Chicken*, 2016 U.S. Dist. LEXIS 32750, at *20–22 (finding single employer liability under FLSA at default judgment stage where plaintiffs alleged that corporate defendants "maintain the same address, owners, management, personnel, equipment," and that the individual defendant "dominated the day-to-day operating decisions . . . and had complete control of the alleged activities" of the corporate defendants) (quotation marks omitted). Such a finding is consistent with "the policy underlying the single employer doctrine," namely, "the fairness of imposing liability for labor infractions where two nominally independent entities do not act under an arm's length relationship." *Chen v. TYT East Corp.*, 10 Civ. 5288, 2012 U.S. Dist. LEXIS 166557, at *9 (S.D.N.Y. Mar. 21, 2012) (quotation marks and citation

omitted).[6]

## B. FLSA Statute of Limitations: Willfulness

FLSA provides for a two-year statute of limitations period, which may be extended to three years upon a showing that the FLSA violations were willful. 29 U.S.C. § 255(a). Plaintiffs have alleged, *inter alia*, that: (1) Defendants delayed issuance of paychecks for dozens of pay periods (Dkt. 110 ¶¶ 43–45); (2) Defendants "were aware that the plaintiffs were not paid their wages at least twice each month on their regular pay day that had been designated in advance" (*id.* ¶ 46); (3) Plaintiffs "repeatedly complained" to members of the Board of Directors about this delay in payment (*id.* ¶ 49); and (4) Defendants were aware or should have been aware that Plaintiffs were working off the clock and were not paid all wages due, particularly in light of written correspondence detailing these violations (*id.* ¶¶ 59, 72–73, 82). Given Defendants' default, and the nature of these allegations, the Court finds that Plaintiffs have adequately alleged willful violations of FLSA, such that Vannguard, Local, and the Partnership Corporations shall be jointly and severally liable for those violations falling within a three-year statute of limitations period. *See Chirping Chicken*, 2016 U.S. Dist. LEXIS 32750, at *22–23 (finding willfulness and imposing

---

[6] Plaintiffs argue in the alternative that Local and the Partnership Corporations are joint employers of Plaintiffs, along with Vannguard. The Second Circuit has provided a "nonexclusive and overlapping set of factors" to examine the "economic realities" of an employer-employee relationship. In applying this "economic realities" test, courts look at "*all* the circumstances" of that relationship to determine whether a particular entity or individual is a joint employer under FLSA. *See Spinelli*, 980 F. Supp. 2d at 374–75 (citing *Carter v. Dutchess Community Coll.*, 725 F.2d 8 (2d Cir. 1984), *Zheng v. Liberty Apparel Co.*, 355 F.3d 61 (2d Cir. 2003), and *Barfield*, 537 F.3d 132). Under this standard, and at the default judgment stage, Local and the Partnership Corporations would likely be considered joint employers, since Plaintiffs have alleged that these Defendants shared office space with Vannguard, that they were organized to support the business purpose of Vannguard, and that they shared members of Vannguard's Board of Directors, shared income, and shared employees. (Dkt. 100 ¶¶ 11–15, 17–22.) *See Spinelli*, 980 F. Supp. 2d at 375–76. However, the Court need not decide this issue, in light of the Court's finding that Vannguard, Local, and the Partnership Corporations constitute a single enterprise for purposes of FLSA liability.

three-year statute of limitations for FLSA violations on default judgment, where plaintiffs "simply alleged at the end of each cause of action that defendants' conduct 'was willful'").

    C.    <u>NYLL</u>

The Court's analysis applies equally to Plaintiffs' NYLL allegations, because "[t]he NYLL and the FLSA are analytically nearly identical." *See Chirping Chicken*, 2016 U.S. Dist. LEXIS 32750, at *17; *see Santillan v. Henao*, 822 F. Supp. 2d 284, 292 (E.D.N.Y. 2011) (NYLL is "state analogue" to FLSA and "otherwise mirrors the FLSA in compensation provisions regarding minimum hourly wages and overtime.").[7] Plaintiffs claim that Defendants violated the NYLL by, *inter alia*, depriving Plaintiffs of straight time and overtime pay (including forcing them to work off the clock), delaying the issuance of paychecks beyond the payments' due date, misclassifying Plaintiffs as exempt from the minimum wage and overtime requirements of NYLL (even though their tasks did not meet the criteria for those exemptions), failing to make, keep, and preserve records of Plaintiffs' wages, hours, and conditions and practices of employment, and failing to give certain required notices of what the law requires of employers. (Dkt. 100 ¶¶ 164–174.) Just as with Plaintiffs' FLSA claims, these allegations are sufficient to establish violations of NYLL.

Similarly, NYLL's definition of "employer" is "nearly identical" to FLSA's and defines "employer" to include "any person . . . employing any individual in any occupation, industry, trade, business or service" or "any individual . . . acting as employer." *Spinelli*, 980 F. Supp. 2d at 373 (citing NYLL §§ 190(3), 651(6)) (quotation marks omitted) (alterations in original). For this reason, "[d]istrict courts in this Circuit have interpreted the definition of employer under the [NYLL] coextensively with the definition used by the FLSA," *id*. (quotation marks and citation

---

    [7] Notably, though, the statute of limitations under the NYLL is six years, *see* NYLL §§ 198(3), 663(3), as compared to the two- or three-year limitations period under FLSA.

omitted), and have "regularly applied the same factors and tests to determine whether entities are joint employers under the NYLL," *id*. at 375.  NYLL also permits liability under the "single employer" doctrine.  *See, e.g., Chirping Chicken*, 2016 U.S. Dist. LEXIS 32750, at *20 ("The FLSA and the NYLL allow for multiple different entities to be treated as a single employer where, despite nominal difference, the entities are part of a single integrated enterprise.") (quotation marks omitted).

Accordingly, the Court also finds Vannguard, Local, and the Partnership Corporations jointly and severally liable under NYLL.

IV.  Next Steps

With liability having been adjudged, all that remains is to determine the damages due to Plaintiffs.  However, the prevailing practice in this Circuit, including in FLSA cases involving defaulting and non-defaulting defendants, is to delay damages inquests where, as here, defendants are jointly and severally liable, in order to "avoid the problems of dealing with inconsistent damage determinations."  *Viznai v. United Homes of N.Y., Inc.*, No. 07-CV-4173, 2009 U.S. Dist. LEXIS 28002, at *2–4 (E.D.N.Y. Apr. 3, 2009) (quotation marks omitted) (in FLSA case where it was "not clear whether all of the defendants together were joint FLSA 'employers'" and "discovery against the non-defaulting defendants may yield evidence beneficial to plaintiffs in calculating their damages," court ordered that "any damages inquest against the defaulting defendants should be stayed until all of the defendants' liability has been established in order to avoid inconsistent judgments"); *see also Balde v. Istanbul Turkish Grill, Inc.*, No. 14-CV-1393, 2015 U.S. Dist. LEXIS 60289, at *3–4 (N.D.N.Y. May 8, 2015) (in FLSA action, where court entered default judgment against corporate defendant and one individual defendant, court nevertheless held that "any further proceedings related to the issue of damages plaintiff is entitled to receive from [the

14

defaulting defendants] will be deferred pending the resolution of the issue of liability against" the individual defendant remaining in the case).

Because Defendant Arthur Niles is also alleged to be an "employer" within the meaning of FLSA (*see, e.g.,* Dkt. 100 ¶ 24), and he remains as a non-defaulting Defendant in this action, the Court hereby reserves any damages inquest, pursuant to Rule 55(b)(2), as to the defaulting Defendants. Should Niles likewise be found liable, the Court shall "consolidate the Rule 55(b)(2) hearing required for the assessment of the defaulting [defendants'] liability with the damage aspect of the trial against the non-defaulting [Defendant, Arthur Niles]." *See Friedman v. Lawrence*, No. 90 Civ. 5584, 1991 U.S. Dist. LEXIS 13959, at *6–7 (S.D.N.Y. Oct. 2, 1991) (quotation marks and citation omitted). *Cf. R.B. Dev., Co. v. Tutis Capital LLC*, No. 12-CV-1460, 2015 U.S. Dist. LEXIS 177275, at *24–25 n.4 (E.D.N.Y. Nov. 6, 2015), *adopted in full by* 2016 U.S. Dist. LEXIS 41137 (E.D.N.Y. Mar. 29, 2016) ("where some, but not all, defendants [] defaulted and some defendants continue[d] to litigate live claims," the court granted motion for default judgment and awarded damages, because "the risk of inconsistent judgments [wa]s not present [], as the claims against defaulting defendants [we]re the only remaining claims in the litigation brought by plaintiff," whereas the other "live claims consist[ed] of crossclaims and counterclaims among other parties to the litigation").

*CONCLUSION*

For the reasons stated above, the Court GRANTS Plaintiffs' motions for default judgment against Defendants Vannguard, Local, and the Partnership Corporations and deems them jointly and severally liable for the FLSA and NYLL violations alleged in Plaintiffs' Third Amended Complaint. However, the Court reserves any damages inquest, pursuant to Rule 55(b)(2), as to these defaulting Defendants, pending resolution of the liability of the non-defaulting Defendant,

Arthur Niles.  Should Niles also be deemed liable, the Court shall consolidate the damages inquest as to the defaulting Defendants into any damages determination, at trial or otherwise, as to Niles.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: August 5, 2016
       Brooklyn, New York