# THOMAS & ASSOCIATES

*Concentrating in Labor and Employment Law*

───•○•───

43 West 43rd Street, Suite 98  
New York, New York  10036-7424

Irene Donna Thomas, Esq.  
New York/Pennsylvania

Tel:  (212) 709-8167  
Fax:  (718) 228-4853  
Email: ithomas20@aol.com

August 12, 2016

**BY ECF**  
Hon. Pamela Chen  
United States District Judge  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

      Re:    **Coley et al. v. Vannguard**  
              **Index No.: 12-cv-5565**

Dear Judge Chen:

      As allowed by this Court, the plaintiffs submit this supplemental argument concerning this Court's authority to restrain, attach or freeze the defendants' assets before adjudication of the plaintiffs claims.  Plaintiffs continue to respectfully submit that the answer is yes.  This Court is authorized to restrain the defendants' assets under a number of theories.[1]

*Preliminary Injunction -- Grupo*

---

[1] Attached to this argument are documents 1 - 23.  These documents are referenced in plaintiffs closing argument and are being submitted for the convenience to the Court.  These documents have been exchanged by the parties.  But, Exhibits 18-23 have not been exchanged with the defendants because they have been obtained after the closing arguments to this Court on August 8, 2016.  Due to the plaintiffs continued efforts to locate the missing $1.9 million dollars, a visit to the Supreme Court, Kings County revealed the confessions of judgment for the first time.  Once those documents were discovered, the remaining documents became relevant.  For the reasons stated below, the plaintiffs respectfully request that this Court consider these documents as Niles will have an opportunity to respond to this submission.

1

Plaintiffs rest upon the arguments made in its written closing argument and the oral arguments made on August 8, 2016.

***Enforcement of judgment under CPLR 5229***

Plaintiffs rest on their Closing Arguments, both written and oral, and submit that they are entitled to freeze or restrain any remaining assets of the Vannguard entities as of August 5, 2016 -- when this Court found in the plaintiffs favor on liability.

The property to be frozen is the same property that Vannguard Urban Improvement Associaition (VUIA) owned after the Limited Partnerships transferred its interest to VUIA. The VUIA is a member of the newly formed Vannguard Housing Development Fund Corporation. *See* Exhibit 9 (VUIA membership certificate). Moreover, the property involved in the Year 15 Repositioning Project now under Arthur Niles' control with the Vannguard Housing Development Fund Corporation is the same property that was unlawfully conveyed by Niles on VUIA's behalf.[2] For instance, *compare* Exhibit 2 - 5 (attached) with Exhibit 8 (p. 2)(Project real estate) shows that the property is identical. Thus, this Court may issue an Order restraining and/or attaching the transfer, conveyance, disposition, etc. of this property and may even attach the property (see below) pending a final judgment. *See* discussion under CPLR 6201 for additional argument concerning assets that should be available for restraint or attachment.

***Attachment under CPLR 6201***

---

[2]"Unlawfully conveyed" because the sale (1) was not approved by the Board of Directors as required by the VUIA by-laws, and (2) because the sale was not approved by the Attorney General and the Supreme Court as required by the McKinneys Not-for-Profit Corporation Law §510(a)(3). Throughout this submission, all discussion of conveyances incorporate plaintiffs' argument that the transfer / conveyance of VUIA's real estate was unlawfully conveyed.

Under this statute, an order of attachment may be granted *before the adjudication of plaiintiffs claims* if certain conditions are met. *See, e.g., ITC Entertainment Ltd. v. Nelson Film Partners,* 714 F.2d 217, 222 (2d Cir. 1983)(acknowledging that an attachment under CPLR § 6201 is to secure a prospective judgment). In other words, the plaintiffs are not required to show that they have a judgment "in hand" before they are entitled to an order of attachment. Under CPLR § 6212, an order of attachment may issue where the moving party shows that there is a cause of action, that it is probable that the plaintiff will succeed on the merits, that one or more grounds for attachment provided in Section 6201 exist (here, plaintiffs move for an order of attachment under 6201.3), and that the amount demanded from the defendant exceeds all counterclaims known to the plaintiff. *See JSC Foreign Economic Ass'n Technostroyexport v. International Development and Trade Services, Inc.,* 306 F.Supp.2d 482, 484-485 (S.D.N.Y. 2004). Here, the plaintiffs have established that there is a cause of action and that they have a likelihood of success on the merits (*see* this Court's Order dated August 5, 2016), that Niles, with an intent to defraud and/or with the intent to frustrate the enforcement of a judgment that might be rendered in the plaintiffs' favor, has assigned, disposed of, encumbered or secreted property (see argument below). Any counterclaim asserted against the plaintiffs, i.e., Sonya Coley, has been dismissed. Therefore, because the amount demanded from the defendants, including defendant Niles, exceeds the amount of all counterclaims known to the plaintiffs, they have met all of the requirements for an order of attachment.

Plaintiffs submit that CPLR § 6201.3 applies here -- where "the defendant, with intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in plaintiffs favor." First, the strongest evidence of the defendants' intent to defraud the plaintiffs is

in Niles steadfast refusal to provide evidence of the location of the proceeds from the 2013 VLDC property sale. *See* Oral Argument (written). Niles refuses to identify the location of assets from the VLDC property sale. This refusal has prejudiced the plaintiffs' position concerning the assets available for attachment.

Second, when Niles, with Soleil's assistance, conveyed VLDC's property, he knew that plaintiffs' litigation was then pending. Andre Soleil, Esq. appeared on behalf of Vannguard Urban Improvement Ass'n, Inc. on May 24, 2013. *See* Docket #28. He entered a notice of appearance on behalf of Vannguard on May 28, 2013. *See* Docket #31. Arthur Niles was served with process as a defendant on September 6, 2013. *See* Docket #60. Niles sold the VLDC real estate on September 26, 2013. *See* Exhibit 1, attached. Niles knew that he could not dispose of VLDC's property because there was a lawsuit pending. *See* Exhibit 23 (Affidavit of Arthur Niles, *Strulovich v. C & L Boiler, et. al.*, 500860/2013 ("because Plaintiff commenced this herein matter on February 20, 2013, Vannguard could not sell its sole asset and dissolve."). Niles knew that the VLDC's assets were to be used to financially support Vannguard Urban. Nonetheless, Niles sold the property for $1.9 million dollars.

Third, Arthur Niles, Andre Soleil, Esq., Thomas Hansard and Ernestine Ming, Esq., an employee of Soleil, enaged in a scheme to defraud creditors and to avoid paying plaintiffs their wages, by hiding some, if not all, of the proceeds under a shell corporation. The scheme went went like this (with a little background):

In March 2000, a gentleman named Audley Chambers purchased a corporation named C & L Boiler Corporation. *See* Exhibit 20, p. 1. After the purchase, on or about 2001, Mr. Chambers learned that C & L Boiler had been dissolved in 1992 for failure to pay taxes. *Id.* at ¶

4

4, *see also* Exhibit 18.  Around September 2012, Andre R. Soliel, Esq. contacted Mr. Chambers regarding a real estate matter involving VLDC.  *Id.* at ¶ 7.  During the representation, Soleil learned that Mr. Chambers once owned and operated C & L Boiler Corp and that the company had been dissolved.  *Id.* at ¶ 4.

On October 17, 2012, Mr. Soleil incorporated a new business:  C & L Boiler Corp.  The address for this "new" business was "32 Court Street, Brooklyn, New York  11201."  *See* Exhibit 6 (p. 2).  This was Soleil's business address.  *See* Exhibit 21 (p. 1).  Attorney Ernestine Ming, of Soleil's office, was named President of C & L Boiler Corp.  *See* Exhibit 22 (p. 3).  The address for service of process upon C & L Boiler Corp. was Soleil's office address: 32 Court Street, Suite 1107.  *See* Exhibit 21, p. 1.  Ms. Ming also represented C & L Boiler as its counsel of record.  *See* Exhibit 22, p. 1.

On February 1, 2013, Ms. Ming entered an Affidavit for Judgment by Confession on behalf of C & L Boiler Corp.  *See id.*  On February 4, 2013, Arthur Niles, acting on behalf of VLDC, confessed a judgment to C & LBoiler Corp. for the sum of $475,000 plus interest at the rate of 9%.  Significantly, Niles' affidavit did not state facts demonstrating how VLDC came to owe this debt to C & L Boiler at 32 Court Street --  as required by CPLR § 3218(a)(2).  More importantly, however, Niles averred that he was authorized to confess the judgment by a resolution of the Board of Directors on August 10, 2012.  *See* Exhibit 22, p. 2.  But, *C & L Boiler Corp. at 32 Court Street, Brooklyn, New York did not exist on August 10, 2012.*  Andre Ramon Soleil, Esq. did not incorporate C & L Boiler Corp. until *October 17, 2012.  See* Exhibit 19.  Thus, the Board of Directors could not have possibly passed a resolution to confess a judgment for close to a half million dollars to a non-existent corporation!  Niles authorized the Clerk of

5

Court, Kings County, to enter a judgment for the sum confessed. *See,* Exhibit 22. Soleil notarized Niles' affidavit. *Id.* On February 6, 2013, the Clerk, Kings County, entered the confession of judgment. *See* Exhibit 22. On September 26, 2013, the same day that Niles conveyed VLDC's real estate, for $1.9 million dollars, the confessed judgment to C & L Boiler Corp. was wholly satisfied and "fully paid." *See* Exhibits 1, 22.

Similarly, on January 13, 2012, Ernestine Ming filed a confession of judgment in Supreme Court, Kings County, on behalf of Thomas Hansard for the sum of $20,000. *See* Exhibit 22, p. 13. Arthur Niles provided an Affidavit for Judgment by Confession dated January 30, 2012 to support this filing dated January 30, 2012. *See* Exhibit 22, pp. 14-15. Soleil notarized the affidavit. *See* Exhibit 22 at p. 15. Niles' affidavit, like the one for C & L Boiler Corp., did not state facts indicating why this Vannguard allegedly owed this debt. The Kings County Clerk signed the judgment on January 30, 2012.

Then, on February 1, 2013, Ernestine Ming, Esq., on behalf of Hansard, filed an Amended Judgment by Confession Nunc Pro Tunc. *See* Exhibit 22, p. 7. Ms. Ming amended the amount owed to Hansard from $20,000 to $116,394.52. *See* Exhibit 22 at 7. The judgment for this sum was entered by the Clerk on February 6, 2013. *Id.* Again, in his Affidavit, Niles did not state a reason why this debt was owed, nor did he provide a reason why the amount due to Hansard jumped to $116,394.52. *See* Exhibit 22, pp. 8-9. Soleil notarized Niles' affidavit. *Id.* at 9. On September 26, 2013, Ms. Ming filed a Satisfaction of Judgment on Hansard's behalf. *Id.* at 12. The Satisfaction document indicates that the sum was "wholly paid" in "full satisfaction" of the debt on September 26, 2013 -- the same day that Niles consumated the sale of VLDC's real estate. Thus, as of now, the following funds have been accounted for: $50,000 to Andre R.

Soleil, Esq. (deposition transcript); $475,000 to C & L Boiler Corp. and $116,394.52 to Thomas Hansard for a total of $641,394.52. There remains unaccounted for: $1,258,605.48. The transfer of more than half a million dollars to a shell company under his law firm's control is strong evidence of an intent to defraud or to frustrate the enforcement of a judgment.

*Relief Requested*

Plaintiffs move this Court to issue a preliminary injunction, a restraining order under CPLR 5529 and a warrant of attachment under CPLR 6201 against the funds being held by the shell corporation, C & L Boiler Corp. Because corporations act through individuals, these assets, along with the missing sum million, belongs to VLDC and is available to pay the judgment. The sum paid to C & L Boiler Corp. was paid under a fraudulent confession of judgment. *See* CPLR 3218(a)(2) and, therefore, the payment is void. Plaintiffs also move this Court to issue a warrant of attachment on the sum of $116,394.52 handed to Mr. Hansard in violation of CPLR 3218(a)(2) -- under a fraudulent confession of judgment. That judgment too is void. This sum plus any interest that has accumulated on this sum belongs to the VLDC. Plaintiffs further move this Court to have the principals of C & L Boiler and Thomas Hansard to deposit these monies with the Clerk of this Court until resolution of this matter. Plaintiffs further move to have Niles, Soleil, Hansard and/or Ming incarcerated until one of them reports the whereabouts of the missing million-+ dollars.

Finally, this Court should attach the assets of 516 Macdonough Street AHN Corporation. It is undisputed that thousands of dolllars deposited into this Corporation's Carver bank account came directly from Niles' unauthorized withdrawals of Vannguard funds.

   Mr. Niles claims of poverty should fall on deaf ears. He utilized the monies in 516 Macdonough for his personal business. He paid legal fees to Ms. Onua in this action from this account. *See* Exhibit 24. The funds, then, can also be utilized to pay his debt for his atrocious behavior as an employer.

                 Respectfully submitted,

                 *Irene Donna Thomas*

                 Irene Donna