*H.R.*
*Soleil & Company*
*a professional corporation*

André Ramón Soleil, Esq.
Chairman & Chief Counsel

167 Park Avenue
Brooklyn, NY 11205
www.soleilcolaw.com
(718) 522-0103 tel. ~ (718) 705-4397 fax

January 29, 2018

Hon. Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

          Re.:    Coley, *et al*, v. Vanguard Urban Improvement Ass'n, Inc., et al, 12-CV-0556

Dear Judge Chen:

    I am in recent receipt of your order dated January 2, 2018, in which you commanded that I appear on January 30, 2018 for a hearing "to discuss whether to restrain [my] assets for the sum of . . . $426,000." You base your demand on your finding that I have "not satisfactorily . . . account[ed] for the payments to [me] of $100,000, $136,000, and $190,000 from the closing on Vannguard's Fulton Street property."

    Substantively, this finding is flawed for several reasons. Generally, the burden of proof is on the Plaintiffs to show funds that it should attach. The burden is not on any third-party or defendants to show what should not be attached. In every instance of your finding, Plaintiffs have presented no evidence in support of their speculative claims regarding these funds.

    First: the sale price is of VLDC's Fulton Street property $1,900,000.00. Plaintiffs present no evidence contrary to this. Plaintiffs neither allege not present any evidence that $190,000.00 was missing from the distribution of the $1,900,000.00 from this sale. Plaintiffs neither allege not present any evidence that there was any *secret additional* $190,000.00 from the sale. The evidentiary record accounts for the distribution of the $1,900,000 from this sale. Therefore, the record is contrary to the Court's finding that "the payment[]to [me] of . . . $190,000 from the closing on Vannguard's Fulton Street property" is "not satisfactorily . . . account[ed] for[?]"

    Second: the Dec. 6, 2013 $100,000.00 check from my Citibank Escrow to C&L Boiler had nothing to do with any instant defendant. Plaintiffs have *only* presented the check itself. Plaintiffs have not put forth any evidence that connects Vannguard (or any related entity) to this $100,000.00. Plaintiffs have not demonstrated that $100,000.00 was missing "from the closing on Vannguard's Fulton Street property." Plaintiff's only speculate that the $100,000.00 is somehow sourced to defendant's funds. Therefore, the record is contrary to the Court's finding that "the payments to [me] of $100,000 . . . [is] from the closing on Vannguard's Fulton Street property."

    However, since I am being *publically* challenged with regard to the actual transaction from which this check's funds originate, it is not a breach of confidence to reveal its source. The $100,000.00 that Plaintiff's speculate are defendant sourced funds are actually funds from the sale of 218 W. 116th Street, New York, NY by Edith Pennamon HDFC to Miami Capital, LLC. This controversy is part of the public

**Judge Pamela Chen**
**January 29, 2018**
**Page 2 of 2**

matter, *W. Harlem Com. Org. Inc. v. W. Harlem Com. Org. L. Dev. Corp.*, Index No.: 651003/2015 (N.Y. Sup. Ct., NY County). Despite this, despite the lack of any Plaintiff submitted evidence, and upon Plaintiff's speculation, this Court found that the "$100,000 [is] from the closing on Vannguard's Fulton Street property."

Third: the Court excused Arthur Niles from appearing tomorrow. I have no direct knowledge of the former employment states of Willmanetta Venn, Yardhi Aris, Jean Celestin and Emmanuel Adedokun. I relied on their employer, *defendant*, Arthur Niles, to inform me of their employment status with VLDC. Only defendant Niles has direct information regarding these employees' status as employees or officers with his former corporations, defendants, VUIA and VLDC. Only Defendant Niles can discuss the cause or veracity of these severance payments. Only Defendant Niles can discuss his agreement with C&L Boiler regarding the release of its settled funds that were used to pay VLDC's employees. Plaintiffs present no evidence that Willmanetta Venn, Yardhi Aris, Jean Celestin or Emmanuel Adedokun were "officers of VLDC." Therefore, this finding is baseless. I cannot further "explain why [I] paid . . . $136,000 . . . to officers of VLDC" when, insofar as I know, and as far as the record and evidence shows, neither Willmanetta Venn, Yardhi Aris, Jean Celestin nor Emmanuel Adedokun were "officers of VLDC." I have already testified that C&L Boiler by Mr. Chambers and VLDC by Arthur Niles informed me and authorized these payments.

As to "why [I] paid . . . Ernestine Mings," I have explained that this was a term for her employment in the revived C&L Boiler to facilitate the speedy sale of VLDC's Fulton property. I released her to work with C&L Boiler, and C&L Boiler waived any potential conflict of interest. I paid her from the C&L Boiler funds because this was the nature of C&L Boiler and Ms. Mings' agreement. Neither I, nor my firm, received funds from their transaction.

In addition to these above fundamental issues, there are other concerns. As of October 19, 2017, I neither practice law, nor live, in New York. In August 2017, I suffered an automobile accident and heart attack. In October and December 2017, I had heart surgeries. I've expatriated. I don't have money to travel to the United States at this time. I don't have assets in the United States.

I ask that the Court adjourn its hearing. I would like to hire of an attorney to represent me. I ask that I be allowed to appear telephonically, and/or audio-visually, for further proceedings. I require that defendant Arthur Niles appear and testify as to: (a) the former employment status of Willmanetta Venn, Yardhi Aris, Jean Celestin and Emmanuel Adedokun; (b) VLDC's agreement with C&L Boiler, Audley Chambers and Ernestine Mings; and (c) the $190,000.00 down-payment on the $1,900,000.00 sale of VLDC's Fulton property. Thank you.

Sincerely,

André Ramón Soleil, Esq.

cc:     ECF List