UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
SONYA COLEY, ET AL.,

                         Plaintiffs,

              - against -                                    **12-CV-5565 (PKC) (RER)**

VANNGUARD URBAN IMPROVEMENT
ASSOCIATION, INC., ET AL.,

                         Defendants.
-------------------------------------------------------x

### ORDER DIRECTING UNITED STATES MARSHALS SERVICE
### TO BRING ANDRE SOLEIL, ESQ. BEFORE THE COURT

On September 15, 2017, the Court ordered Andre Soleil, Esq., former counsel for Defendant Vannguard Urban Improvement Association, to show cause why the Court should not issue an order attaching Mr. Soleil's assets up to the amount of $136,412.70, which represented a portion of the proceeds from a previous property sale by Vannguard of 1471-1477 Fulton Street in Brooklyn, New York (the "Fulton Street property"). (Dkt. 289.) On September 21, 2017, the Court modified its September 15th show cause order to, *inter alia*, require Mr. Soleil to explain additional transactions relating to the proceeds from the Fulton Street property sale. The September 21st order specifically put Mr. Soleil on notice that the Court was contemplating issuing a restraint against his assets of money relating to the sale in the amounts of $100,000, $136,000 and $190,000, for a total of $426,000. (9/21/17 ECF Entry.)

On January 2, 2018, the Court found that Andre Soleil had not "satisfactorily shown cause to account for the payments to him of $100,000, $136,000, and $190,000 from the closing on Vannguard's Fulton Street property[.]" The Court consequently scheduled a hearing for January

30, 2018 to discuss whether to restrain Mr. Soleil's assets for the sum of these payments. (1/2/18 ECF Entry.)

On January 30, 2018, the Court granted Mr. Soleil's motion to adjourn the hearing on his order to show cause, but noted that the Court was "extremely displeased by the lateness of Mr. Soleil's adjournment request and the litany of excuses he proffers to avoid appearing at the conference, the very purpose of which was for Mr. Soleil to be heard on the Court's preliminary finding - based on documentary evidence introduced in this matter - that Mr. Soleil did not properly distribute funds he received, as attorney for the Vannguard entities, from the sale of the Fulton Street property." The Court then rescheduled the hearing for April 10, 2018 and warned that "in the event that Mr. Soleil does not appear for the hearing, or seeks another unjustified adjournment, the Court will issue an order restraining his assets." (1/10/18 ECF Entry.)

On April 10, 2018, the Court held a hearing on the order to show cause. Mr. Soleil did not appear as ordered. The Court accordingly issued a detailed docket order, *inter alia*, recounting the history of Mr. Soleil's non-compliance with the Court's prior orders, restraining Mr. Soleil's assets in the amount of $426,000, finding Mr. Soleil in civil contempt, imposing a $1,000 civil contempt fine, and specifically warning Mr. Soleil of the risk of criminal contempt if he failed to pay the fine:

> For the reasons stated on the record and in prior docket orders, the Court orders that Andre Soleil's assets be restrained in the amount of $426,000. Mr. Soleil failed to appear for the hearing, without notice to the Court or Plaintiff's counsel, despite the Court's strongly worded order admonishing him for an unjustified, last-minute adjournment of the previous conference on 1/30/2018. (ECF Entry 1/30/2018.) The Court has repeatedly informed Mr. Soleil that he was required to show cause for previously unaccounted-for payments in the amounts of $190,000, $136,000, and $100,000 relating to the sale of Vannguard's Fulton Street property. On 1/2/2018, the Court put Mr. Soleil on notice "that unless he shows that these sums, amounting to $426,000, were legitimately used to pay debts of Vannguard, the Court will restrain his assets in that amount" following a hearing on this matter. (ECF Entry 1/2/2018.) Mr. Soleil has defied the Court's instruction to produce "all

bank records and financial transaction documents - including personal, law firm, escrow, and C&L Boiler accounts at TD Bank and Citibank" relating to these payments.  (ECF Entry 1/2/2018; *see also* ECF Entry 9/21/2017.)  To date, Mr. Soleil also has not explained why he paid the $136,000 he previously testified was owed to the true owner of C&L Boiler company, Audley Chambers, to officers of Vannguard Local Development Company and the paper-president of C&L Boiler and Mr. Soleil's associate, Ernestine Mings.  As a result, the Court orders that Andre Soleil's assets, including bank accounts at Citibank and TD Bank, be restrained pursuant to Rule 64 of the Federal Rules of Civil Procedure, Article 52 of New York State's Civil Practice Law, and this Court's inherent equitable power to issue remedies ancillary to its authority to provide final relief. The Court also holds Mr. Soleil in civil contempt of court for failing to comply with multiple court orders, including his failure to appear at today's hearing. (*See* ECF entry 9/21/2017, ECF entry 1/2/2018, ECF entry 1/30/2018.) Mr. Soleil must pay a fine of $1,000 by 5/10/2018 *or risk being held in criminal contempt of court*.  This matter remains terminated, subject only to re-opening in connection with any proceedings relating to enforcement of the judgment issued against Defendants or further contempt proceedings relating to Mr. Soleil.

(4/10/18 ECF Entry (emphasis added).)

On May 7, 2018, the Court granted Mr. Soleil's motion for an extension of time to pay the $1,000 civil contempt fine, thereby giving Mr. Soleil until July 10, 2018 to satisfy the civil contempt order.  The Court stated that "[n]o further extensions will be granted for any reason" and reminded Mr. Soleil that "due to his repeated failures to account for funds owed to the Vannguard entities and his failure to appear at the 4/10/18 hearing scheduled for that purpose, the Court has issued an order restraining his assets in the amount of $426,000."  (5/7/18 ECF Entry.)  Mr. Soleil failed to pay the $1,000 fine by July 10, 2018.

On July 19, 2018, the Court set an order to show cause hearing for August 15, 2018 to determine why Andre Soleil had not paid the civil contempt fine by the July 10, 2018 deadline. The order again specifically warned Mr. Soleil that he could be subject to criminal contempt:  Mr. Soleil "must attend this hearing in person *or risk criminal contempt proceedings, which could result in a fine or imprisonment*. . . . No adjournments of this hearing will be considered." (7/19/18 ECF Entry (emphasis added).)

On August 15, 2018, the Court held a hearing on the order to show cause and Mr. Soleil again did not appear as ordered. The Court explained on the record that Mr. Soleil had failed to appear and had not, to date, paid the civil contempt fine of $1,000 that was previously ordered on April 10, 2018. The Court stated that Mr. Soleil had repeatedly disregarded the Court's orders, and found him in criminal contempt. The Court noted that an order for an arrest warrant was forthcoming.

NOW, it appearing that Mr. Soleil has violated, *inter alia*, the Court's April 10, 2018, May 7, 2018, and July 19, 2018 orders, and remains in willful contempt of this Court, the Court finds that (1) it is necessary to issue the present order directing the detention and incarceration of Andre Soleil until he can appear before the Court and explain why has failed to comply with the April 10, May 7, and July 19, 2018 orders; (2) a sanction less severe than ordering the detention and incarceration of Mr. Soleil will procure no effect and will be futile; and (3) the entry of this order is in the public interest. It is hereby:

ORDERED, that pursuant to Federal Rule of Civil Procedure 70(e) and the inherent power of this Court to impose civil sanctions, the United States Marshals Service is directed to detain Andre Soleil, whose current residence is unknown, in physical custody and bring him before the Honorable Pamela K. Chen, U.S. District Judge, at the U.S. District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York; it is further

ORDERED, that pursuant to Federal Rule of Civil Procedure 4.l(b), the United States Marshals Service are authorized to use whatever force is reasonably necessary in order to arrest and detain Andre Soleil, and shall be permitted to enter forcibly into Andre Soleil's residence (as identified by the United States Marshals Service), if Andre Soleil is reasonably believed to be inside and if requested access to such premises is withheld; it is further

4

ORDERED, that the United States Marshals Service is to effect service and enforcement of this order on or after September 6, 2018, and shall take no action to effect service or enforcement of this order outside of the above-reference time frame, subject to further order of this Court; it is further

ORDERED, that in the event Mr. Soleil is outside of the United States, the United States Marshals Service shall notify all relevant customs and border authorities of this arrest warrant; and it is further

ORDERED, that the Clerk of Court is respectfully directed to mail a copy of this order to Andre Soleil to the address he has provided in this matter, no later than September 6, 2018, by priority mail.

SO ORDERED.

_/s/ Pamela K. Chen_ 
Pamela K. Chen 
United States District Judge

Dated: September 6, 2018 
        Brooklyn, New York